Kirkpatrick, C. J.
— On the return day of the summons in this case, the parties appeared; the plaintiff filed [265] a copy of his account, and the defendant also filed a copy of his account against the plaintiff, which he intended to set off on the trial, but he did not file a plea of payment as the law directs. The plaintiff on that same day took out a venire for.a jury, and the cause was adjourned by consent of parties, for fifteen days. ■ On the day following the return day of the summons, the defendant, by Henry Hankinson, his attorney, filed a plea of payment, or something, which by a very liberal construction, might be taken for such a plea. On the trial of th'e cause before the jury, the plaintiff objected to the defendant’s setting off his demand, because [*] the plea of payment had not- been filed in due time; but the justice overruled the objection, and permitted the defendant to set off his demand, and thereupon the jury found for the defendant twenty-six dollars and sixty-three cents, and the justice rendered judgment for that sum, with twelve dollars and five cents of costs. And the principal question is upon the regularity of the set off.
When this case was mentioned at the bar, I was rather inclined to think that, as the plaintiff was fully apprised of the defendant’s demand, by the filing of his account on the return day of the summons, the objection, grounded upon the not filing of the plea of payment until the day after, might be gotten over; and especially so, as the *345 plea at most seems to be but matter of form. But upon looking into the matter a little more fully at chambers, I believe we cannot get over it. The words of the act are very express, “ that in oases of offset, the plea of payment, with a oopy of the account, &e., shall be delivered to the justice on the return day of the summons, &o.” Here the plaintiff seeing the account filed without the plea, and having no notice of such plea being filed afterwards, might have rested upon the words of the act, and come to trial unprepared to disprove the defendant’s offset. If he had taken no exception at the trial, but proceeded to an investigation of the account, it might have been considered as a waiver of the objection; but as the exception was expressly taken, and seems to have been relied upon, I think the plaintiff was entitled to the benefit of it. I am therefore, for a reversal.
Roshell, J.
— It is difficult to conceive the use of the words, “ I jilead payment,” in case of set-off, yet as the act expressly requires such plea, I eanuot see how we can dispense with if. I therefore, concur in reversal.
Pennington, J.
— If this was a new ease, I should be very much inclined to get over the first objection, [*] the not filling a plea of payment; for I never have been able to discover any use in this plea of payment to let in a set-off. It is certainly true, that the act of Assembly requires it; and the case of Phillips v. [266] M’ Cullough,[1] adjudged in tins court in September Term, 1806, appeal's to me, to settle this question. Although that adjudication was against my opinion, yet for the sake of uniformity of decision, I think it ought not be disturbed. Had there really been a plea filed at a time anterior to the trial, I should have strove to have got over the objection, as to the time of filing it; but I consider the words, I plead payment, Henry Ilankinson, attorney pro defendant, interlined between the head of the account and the items, as no plea at all. In the first place, *346 it ought to have appeared on the record, that Mr. Hankinsonwas attorney for the defendant; and in the second place, the' attorney could not plead in his own name, but the defendant should have pleaded by his attorney; and this, I apprehend,, is not mere form, but substance. Rut in case all this could be got over, yet there is a fatal error on the record. It appears evident that the justice has rendered judgment for-more costs than the defendant below was entitled to, clearly including the plaintiff’s costs. What has the defendant to-do with the plaintiff’s costs, any more than a stranger ?' This is not a judgment for the justice, officers of the court,, or witnesses, but for the defendant. Whatever the defendant obtains a judgment for’is his own, and he may put it in his own pocket.[1] For these reasons, I concur in a reversaL
Saxton, for plaintiff.
Judgment reversed.

 Ante, 69*,

 S. P. post, 677, 722, 832; South. 826.